1 COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983
2 Name: ROBERSON, KENNETH W
3     (Last)    (First)    (Middle Initial)
4 Prisoner Number: #AY1348
5 Institutional Address: Solano Level III 2-212-
6 P.O Box 4000 Vacaville, CA. 95696

FILED
NOV 2016
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

10 KENNETH WAYNE ROBERSON
    (Enter your full name.)

11
12     vs.      ) Case No. CV16 6903 (PR) DMR
    ) (Provided by the clerk upon filing)
13 WILLOWS POLICE DEPARTMENT,)
THE CITY OF WILLOWS     ) COMPLAINT UNDER THE
14     ) CIVIL RIGHTS ACT,
COUNTY OF GLENN     ) 42 U.S.C. § 1983
15 (Enter the full name(s) of the defendant(s) in this action.) )
16     )

17 **I. Exhaustion of Administrative Remedies.**

18 *Note:* You must exhaust available administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.
19

20 A. Place of present confinement: Solano State Prison
21 B. Is there a grievance procedure in this institution?  YES ☒   NO ☐
22 C. If so, did you present the facts in your complaint for review through the grievance
23     procedure?  YES ☒   NO ☐
24 D. If your answer is YES, list the appeal number and the date and result of the appeal at each
25     level of review. If you did not pursue any available level of appeal, explain why.
26     1. Informal appeal: Writ of Habeas Corpus
27 Case No. 15SCR08680 AND THE STATE
28 BAR of California Complaint Inquiry # 15-24182

PRISONER COMPLAINT (rev. 8/2015)
Page 1 of 3

2. First formal level: MARSDEN MOTION August 19, 2015 DENIED

3. Second formal level: State BAR Complaint DENIED 9/28/2015

4. Third formal level: WRIT OF HABEAS CORPUS DENIED 9/25/2015

E. Is the last level to which you appealed the highest level of appeal available to you?
  YES ☒  NO ☐

F. If you did not present your claim for review through the grievance procedure, explain why.
ITS DEALING WITH MY CONVICTION!

## II. Parties.

A. Write your name and present address. Do the same for additional plaintiffs, if any.
KENNETH WAYNE ROBERSON # AY1348
Solano LEVEL III 2-212-L
P.O. BOX 4000 Vacaville, CA 95696

B. For each defendant, provide full name, official position and place of employment.
1, MICHAEL STOVER POLICE OFFICER BADGE ID # 415 WILLOWS POLICE DEPARTMENT 201 N. LASSEN St. Willows, CA 95988 (530) 934-3456
2. ALBERT Smith Attorney at Law 229 5th Street Colusa, CA 95932
3. DONALD COLE BYRD JUDGE GLENN County Superior Court
RUBY NEUMANN, ADA Glenn County Superior Court

### III. Statement of Claim.

State briefly the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

1, MICHAEL STOVER POLICE OFFICER FALSIFIED STATEMENTS & TAMPERED WITH EVIDENCE ON 06-08-2014 WHILE DUPLICATING 911 DISPATCH TAPE MICHAEL STOVER ATTEMPTED COVERING THIS UP BY PUTTING A FAKE BADGE # 416 ON SAID DOCUMENTS WHEN HE KNOW HIS BADGE # IS 415 SEE GLENN COUNTY SHERIFF'S OFFICE. 911 TAPE DISPATCH REQUEST AND THE POLICE REPORT NO ONE EVER CALLED AND SAID I had a GUN. JUDGE DONALD COLE BYRD, ADA RUBY NEUMANN, AND ATTORNEY ALBERT SMITH. ALL TOOK PART IN THIS MALICIOUS PROSECUTION

### IV. Relief.

Your complaint must include a request for specific relief. State briefly exactly what you want the court to do for you. Do not make legal arguments and do not cite any cases or statutes.

Vacate SENTENCE, AWARD 1,000,000 DOLLARS IN DAMAGES

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on: 11/21/2016          Kenneth W Roberson
              Date                    Signature of Plaintiff

PRISONER COMPLAINT (rev. 8/2015)
Page 3 of 3

Albert Smith Attorney Allowed the Court to poll a Jury of Jury Members of only 49 Juriors, Attorney Albert Smith Also Allowed Recorded Statements that Should Not have been Allowed because of Maranda Rights Violations. Also Attorney Albert Smith Didn't Bring up exculputory evidence mainly The police Report And 911 Dispatch Tape, Officer Stover Falsified Statement in Order to Justify his Illegal Search & Seizure, you look at The 911 Call Log and you Would see No one mention my Name about me having a Shotgun or anything else just Michael Stover. Judge Donald Cole Byrd was the Trail Judge And Heard my Writ, Allowed Tamperd Evidence in the Court Room mainly the Audio Tape. He Denied My good Cause Hearing Also Pertaining to The Audio Tape. Also I Filed A Complaint With Glenn County Superior Court They Never Responded The Last Time See Documents.

(Golden State) = 1-866-387-9030
(Care Packages)

# INEFFECTIVE ASSISTANCE OF COUNSEL

Strickland v. Washington (1984) states defendent must meet two tests in order to prove Counsel's representation violated their Sixth Amendment Right to counsel:

(1) Counsel's performance was deficient: and

(2) Had it not been for counsel's deficient performance, the result of the trial or sentencing would have been different.

MIRANDA V ARIZONA (1966) 384 US 436. 468. 86 S Ct 1602.

§ 23.16 In general. Expanding on the constitutional protection against self-incrimination and the Right to the assistance of an attorney, it has been held that an accused who is in custody must be informed of the Rights to Remain silent and to an attorney, including an appointed attorney if the defendant is indigent before any questioning begins. Because a criminal suspect cannot be expected to exercise these Rights unless he or she is first made aware of them.

THE MIRANDA COURT HELD THAT any EVIDENCE RESULTING FROM AN UNWARNED IN-CUSTODY INTERROGATION OF THE DEFENDANT COULD NOT BE USED against defendant IN a CRIMINAL PROCEEDING.

THREE FACTORS MUST BE PRESENT:
(1) THERE MUST BE AN INTERROGATION,
(2) by a POLICE OFFICER OR THE OFFICER'S agent
(3) while THE SUSPECT IS IN POLICE Custody.

§ 23.19 REQUIREMENT THAT Suspect BE IN POLICE Custody. FOR THE PURPOSE OF MIRANDA "Custody" means THAT THE SUBJECT has been Formally ARREST, OR a RESTRAINT ON FREEDOM OF MOVEMENT OF THE degree associated with a FORMAL ARREST has been IMPOSED Thompson V Keohane (1995) 516 US 99 112, 116 SCt 457

THE Test IS "How a Reasonable MAN IN THE Suspect's position would have understood his Situation" BERKEMER V McCarty (1984) 468 US 420 442 104 S Ct 3138.